GREEN, Judge,
delivered the opinion of the court:
The plaintiff, Edmund M. Brown, entered the military service of the United States as an enlisted man on January 8, 1918, and was assigned the same day as a private, first class, to the officers’ training school at Camp Custer, Michigan. On April 24, 1918, he was appointed sergeant and ordered to proceed to Camp Jackson, there to report to the commanding general for duty. On May 4, 1918, he was transferred to Camp Jackson, and, under further orders, he reported June 9, 1918, at the Saumur Artillery School, France. He was discharged from the school July 11, 1918, and granted a commission.
During the period of his service until he was given a commission the plaintiff was paid only at the rate provided for the grades of enlisted man and sergeant for the period served in each capacity.
Congress provided by the act of June 15, 1917, 40 Stat. 188, that enlisted men of all grades in the Army, while in training for officers of the Eeserve Corps, should be paid $100 per month. Plaintiff made claim for the extra pay, but it was disallowed, and this action is for the recovery of the difference between $100 per month and the amount actually paid the plaintiff from the date he entered the service to the time when he was discharged from the officers’ training school in France, in all $386.89.
The claim of the plaintiff for the period from January 8, 1918, to June 30, 1918, is sustained by the decision of this court in the case of Cyril Benson Owen v. United States, 64 C. Cls. 496, and for this period he is entitled to recover $366.36. This is practically conceded by counsel for defendant.
We think the decision of the Supreme Court in United States v. Rider, 261 U. S. 363, determines that plaintiff is not entitled to recover the balance of his claim. It is therein said, with reference to the act of June 15,1917, above referred to:
*411 “ This, * * * was a deficiency appropriation and therefore did not authorize pay at the rate of $100 beyond June 30, 1918.”
The court also said:
“ After we had been a year in the war, and a draft act had been passed, no further necessity existed for inducement to civilians to train as officers, and no further provision after. June 30, 1918, was made for pay to them. Training camps were continued until November 11, 1918, but the appropriations for them were only for arms and ordnance equipment. Army appropriation act, July 9, 1918, 40 Stat. 876.”
The plaintiff relies on the appropriation acts of July 9, 1918, and November 4, 1918, both of which made an appropriation “ for pay of enlisted men of the line.” If Congress had intended that enlisted men of the line, when in the training school during the period in controversy should receive pay at the rate of $100 per month, we think it would have specifically so stated, as it did in the act of June 15, 1917.
It follows that the plaintiff is only entitled to recover $366.36, for which sum judgment will be entered in his favor. It is so ordered.
SiNNott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.